## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DAVID ROBERT BENTZ, # S-03210,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 13-cv-573-GPM** |
| | ) | |
| **LIEUTENANT BLEDSOL,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff is currently incarcerated at Menard Correctional Center ("Menard"), where he is serving a life sentence for murder. He has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that prison officials have denied him treatment for a serious dental condition. His complaint names 15 known Defendants as well as a number of Unknown (John/Jane Doe) Defendants. Many of the Defendants are employed at Stateville Correctional Center ("Stateville") and Pontiac Correctional Center ("Pontiac"), where Plaintiff had been confined before his transfer to Menard.

Plaintiff claims that since October 2010 he has suffered from a painfully swollen tooth which ultimately developed into an abscess (Doc. 1, p. 5). As of May 2013, the abscessed area had worsened to the extent that Plaintiff's neck was obviously swollen and visibly bruised as a result of the infection (Doc. 1, p. 7). By June 10, 2013, Plaintiff had trouble swallowing because of this condition, was unable to eat or sleep normally because of the pain, and had even lost weight (Doc. 1, p. 8-9). Plaintiff made repeated requests for medical attention to the Stateville, Pontiac, and Menard Defendants, but has yet to receive any treatment for this serious and painful

condition.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.  Upon careful review of the complaint, the Court finds it appropriate to exercise its authority under § 1915A to identify Plaintiff's cognizable claims.

**The Complaint**

Plaintiff was given a medical call pass on October 28, 2010, to see Defendant Dr. Ghosh, the medical director at Stateville (Doc. 1, p. 4).  Plaintiff asked for pain medication and a referral for dental treatment (Doc. 1, p. 5).  Defendant Ghosh refused to give Plaintiff anything for pain relief, but made the dental referral (Doc. 1, p. 5).  Defendant Luce, the dentist at Stateville, then delayed and postponed Plaintiff's dental visit to have his cavity filled until May 2011; however, this appointment never occurred (Doc. 1, p. 5).  Instead, in May 2011, Plaintiff was seen by Defendant John/Jane Doe #1, a dentist at Stateville, for a bi-annual exam,[1] and Plaintiff was not given any medication or treatment for his "obviously swollen" and chronically painful tooth. The dentist scheduled him for a visit in August 2011, and told him the tooth (or teeth) would be pulled at that time if they were ready, because "they do not do fillings" (Doc. 1, p. 6).[2]  In the interim, Plaintiff requested Stateville Defendants Franklin—a correctional officer, Hosselton—a counselor, Bishop—a counselor, Hardy—chief administrator/warden, and Ghosh—the medical director, to help him get dental care, but none of them did anything to assist him (Doc. 1, p. 6).

On July 27, 2011, Plaintiff was transferred from Stateville to Pontiac (Doc. 1, p. 6). Defendant John/Jane Doe #4, a dentist at Pontiac, reviewed Plaintiff's dental records the next day and noted he needed treatment, but did not examine him (Doc. 1, p. 6).  Plaintiff saw

---

[1]  It appears that Plaintiff is given a dental checkup once every two years.
[2] This statement is contradicted by some responses to Plaintiff's grievances, in which it is noted that he was scheduled to have fillings in March 2011 (Doc. 1, pp. 18, 23).  Regardless, Plaintiff never had the fillings or any other treatment.

Defendant Tillden, the medical director at Pontiac, on August 27, 2011 for a different medical issue, and Plaintiff also requested pain medication for his tooth, and asked to be put in for dental treatment (Doc. 1, p. 6).  Defendant Tillden refused to assist Plaintiff with either matter (Doc. 1, p. 6).  Plaintiff continued to put in request slips for dental treatment, but never got any response or dental appointment while at Pontiac (Doc. 1, p. 6).

On November 2, 2011, Plaintiff was transferred from Pontiac to Menard (Doc. 1, p. 6). The next day, Defendant John/Jane Doe #3, the dentist at Menard, reviewed his medical charts and X-rays, but failed to schedule him for any dental treatment despite the documentation of his need for care (Doc. 1, p. 7).  Plaintiff continued to submit requests for dental care just as he had done at the previous institutions (Doc. 1, p. 7).  He was not seen by a dentist until May 22, 2013, when his time came again for his bi-annual checkup (Doc. 1, p. 7).  Defendants Jane Doe #2, a dental assistant at Menard, and Stelfor, a dentist at Menard, examined Plaintiff, and he asked them to treat him for the abscessed tooth (Doc. 1, p. 7).  At that time, his neck was swollen and bruised (Doc. 1, p. 7).  Defendants Jane Doe #2 and Stelfor told him nothing was wrong with his teeth, he only needed a cleaning, and he would have to wait until he was released to get his teeth fixed (Doc. 1, p. 7).  As noted above, Plaintiff is serving a life sentence, making him ineligible for release.

Plaintiff submitted an emergency grievance requesting dental care to Menard Chief Administrator Harrington[3] on June 7, 2013 (Doc. 1, pp. 7, 31-32).  Harrington decided the grievance would not be treated as an emergency (Doc. 1, p. 31).  Over the next several days,

---

[3] Plaintiff omitted Warden Harrington from his list of Defendants.  It appears the omission was inadvertent.  In addition, Plaintiff seeks injunctive relief, therefore, the Clerk shall be directed to add Warden Harrington as a party Defendant.  *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out).

Plaintiff requested other Menard Defendants to help him get medical attention, to no avail. Twice, he requested help from Defendant Jane Doe #5, a nurse at Menard, explaining he was in chronic pain from the swollen area, but she did nothing and told him he would just have to suffer (Doc. 1, p. 8).  Plaintiff also showed Defendant Sadler, a correctional officer at Menard, his swelling and bruising; Defendant Sadler expressed sympathy and concern for the abscessed tooth, but did nothing further (Doc, 1, p. 8).  Similarly, Plaintiff stopped Defendant Lair, a correctional officer at Menard, in passing and asked for help because he was having trouble swallowing (Doc, 1, p. 8).  Defendant Lair told him to take some over-the-counter pain medication, and he could not do anything for Plaintiff (Doc, 1, p. 8).  Plaintiff also informed Defendant John Doe #6, a medical technician at Menard, and Defendants Berner, Bledsol, and Torville, correctional officers at Menard of his condition, but they did nothing (Doc. 1, pp. 7-8).

Plaintiff asserts claims for deliberate indifference to his serious medical needs in violation of the Eighth and Fourteenth Amendments, civil conspiracy, denial of access to the grievance process, and a state law claim for negligence (Doc. 1, pp. 9-10).  In addition to money damages, he requests injunctive relief for immediate care for his abscessed tooth and chronic pain (Doc. 1, p. 28).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated the following colorable federal causes of action:

**Count 1:**   Deliberate indifference to serious dental needs, against Stateville medical

provider Defendants Ghosh, Luce, and John/Jane Doe #1 (dentist); against Pontiac medical provider Defendants Tillden and John/Jane Doe #4 (dentist); against Menard medical provider Defendants Stelfor, Jane Doe #2 (dental assistant), John/Jane Doe #3 (dentist), Jane Doe #5 (nurse), and John Doe #6 (Menard medical technician); and against Defendant Menard Warden Harrington;

Count 2: State law claim for negligence,[4] against Stateville medical provider Defendants Ghosh, Luce, and John/Jane Doe #1 (dentist); against Pontiac medical provider Defendants Tillden and John/Jane Doe #4 (dentist); against Menard medical provider Defendants Stelfor, Jane Doe #2 (dental assistant), John/Jane Doe #3 (dentist), Jane Doe #5 (nurse) and John Doe #6 (Menard medical technician);

Count 3: State law claim for negligence, for failure to address Plaintiff's requests for dental care, against Stateville non-medical staff Defendants Franklin, Hosselton, Bishop, and Hardy; and against Menard non-medical staff Defendants Sadler, Lair, Berner, Bledsol, Torville, and Harrington.

When a plaintiff brings a lawsuit against defendants who reside in different federal judicial districts, the Court may sever the claims against out-of-district defendants and transfer the severed case to the district where they are found. However, under Federal Rule of Civil Procedure 20, a plaintiff may join more than one defendant in a single action if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

---

[4] In Illinois, in order to state a claim for negligence, a complaint must allege facts to establish that the defendant owed the plaintiff a duty of care, breached that duty, and that the breach was the proximate cause of the plaintiff's injury. *Thompson v. Gordon*, 948 N.E.2d 39, 45 (Ill. 2011) (citing *Iseberg v. Gross,* 879 N.E.2d 278 (2007)).

FED. R. CIV. P. 20(a)(2).  Stateville is located within the Northern District of Illinois, and Pontiac

is in the Central District.  At this stage of the litigation, it appears that Plaintiff's claims are part

of a series of transactions/occurrences, and questions of law and fact are likely to arise that

involve groups of Defendants from different districts.  Therefore, the Stateville and Pontiac

claims and Defendants shall remain in this action at this time.  However, as the litigation

progresses, the Court may determine that severance is appropriate, either for purposes of general

case management or to ensure that unrelated claims against different Defendants proceed in

separate actions.  See FED. R. CIV. P. 21; *George v. Smith*, 507 F.3d 605 (7th Cir. 2007).

**Claims and Defendants to be Dismissed**

Plaintiff's allegations of deliberate indifference to dental needs against the non-medical

Defendants **(Count 4)**, conspiracy **(Count 5),** and denial of access to the grievance procedure

and to the courts **(Count 6)** fail to state a claim upon which relief may be granted, and shall be

dismissed.  In addition, Defendants Wooldridge and Evielsizer shall be dismissed from the

action.

**Count 4:**  As to the non-medical staff Defendants, with the exception of Defendant

Harrington,[5] Plaintiff's allegations do not support a claim for deliberate indifference to his

serious dental needs.  If a prisoner is under the care of prison medical professionals, a non-

medical prison official "will generally be justified in believing that the prisoner is in capable

hands."  *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011) (quoting *Spruill v. Gillis*, 372 F.3d

218, 236 (3d Cir. 2004)).  "A layperson's failure to tell the medical staff how to do its job cannot

---

[5]  Plaintiff's emergency grievance to Defendant Harrington (Doc. 1, pp. 31-32) may be sufficient
to support a deliberate indifference claim, as it described the serious nature and longevity of
Plaintiff's dental complaints.  *See Hayes v. Snyder,* 546 F.3d 516, 527 (7th Cir. 2008) (non-
medical staff may show deliberate indifference if they know that medical staff are failing to treat
a prisoner and fail to act); *see also Reed v. McBride,* 178 F.3d 849, 854–56 (7th Cir. 1999).

be called deliberate indifference; it is just a form of failing to provide a gratuitous rescue service." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009).  Plaintiff's requests to guards made "in passing," and to counselors and others through the grievance process, are not sufficient to indicate that these Defendants' actions (or lack thereof) were in reckless disregard of a serious risk of harm to Plaintiff.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir. 2000).  A showing of negligence, or even gross negligence, is insufficient to prove an official acted with deliberate indifference. "[P]roving deliberate indifference 'requires more than a showing of negligent or even grossly negligent behavior . . . . [T]he corrections officer must have acted with the equivalent of criminal recklessness.'" *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008), *quoting Borello v. Allison*, 446 F.3d 742, 747 (7th Cir. 2006).  Plaintiff's allegations do not rise to that level as to these lay Defendants.

Accordingly, Plaintiff's deliberate indifference claim against Defendants Franklin, Hosselton, Bishop, Hardy, Sadler, Lair, Berner, Bledsol, and Torville shall be dismissed. However, as noted above, the negligence claim (Count 3) against these Defendants shall receive further consideration.

**Count 5:**  Plaintiff alleges that Defendants conspired together to "interfere with medical judgment" and to deny him medical treatment in order to save money (Doc. 1, p. 9).  These allegations are duplicative of the claims that Defendants were deliberately indifferent to Plaintiff's need for dental treatment.  Further, under the intracorporate conspiracy doctrine, a claim for conspiracy to violate an individual's civil rights (which arises under 42 U.S.C. § 1985) "cannot exist solely between members of the same entity." *Payton v. Rush Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 632 (7th Cir. 1999).  All of the Defendants are members (employees or agents) of the same entity, the Illinois Department of Corrections, and it appears

that they were all working in the IDOC's interest.  Therefore, the Defendants cannot be sued under § 1985 conspiracy.  *See id.  See also Wright v. Ill. Dep't Of Children and Family Servs.*, 40 F.3d 1492, 1508 (7th Cir. 1994).[6]  Accordingly, the conspiracy claim in Count 5 shall be dismissed with prejudice.

**Count 6:**   Plaintiff alleges that Defendants Berner and Torville threatened him with bogus disciplinary tickets if he pursued his complaints, and also refused to give him grievance forms, thus frustrating his ability to avail himself of the grievance procedure (Doc. 1, p. 10).

Plaintiff's "retaliation" charge is a non-starter.  He does not allege that Defendants Berner and Torville followed through on the threats to file disciplinary charges against him, and Plaintiff was obviously undeterred from filing the instant complaint.  Therefore, this claim need not be addressed further.

Plaintiff also claims these Defendants' actions hindered him from filing this complaint, and represented an effort to deny him access to the courts.  Plaintiff's attempts to exhaust his administrative remedies by using the prison grievance process may be relevant in the event that a Defendant raises a challenge to Plaintiff's right to maintain a § 1983 suit over the substantive matters raised in the grievances.  However, these allegations do not support an independent claim for denial of access to the courts.  A Plaintiff's inability to file a grievance due to the actions of prison officials, or the failure of officials to properly address his grievances, will not support a constitutional claim.  *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) ("[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause.")   Rather, an inmate must demonstrate that a non-frivolous legal claim has been

---

[6]  While *Wright* focused on corporate managers, nothing in its reasoning precludes application of this doctrine to supervisors and subordinates in a government entity, as long as all are working in the entity's interest. *Id.* at 633.

frustrated or impeded.   *Lewis v. Casey*, 518 U.S. 343, 352-53 (1996).   Even if Plaintiff experienced some delay in bringing this action due to Defendants Berner and Torville, a delay is not necessarily a detriment of constitutional proportion.   *Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992), *cert. denied*, 506 U.S. 1062 (1993).   Regardless of the length of an alleged delay, a prisoner must show actual substantial prejudice to specific litigation.   *Kincaid,* 969 F.2d at 603. No such harm is apparent from the instant complaint.   Accordingly, Count 6 shall be dismissed with prejudice.

**Defendants Wooldridge and Evielsizer**: Finally, Defendants Wooldridge (Pontiac dentist) and Evielsizer (Menard Lieutenant) shall be dismissed from the action, because Plaintiff failed to include any allegations against them in the body of his complaint.   Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint.   *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2).   Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual.   *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).   Accordingly, Defendants Wooldridge and Evielsizer will be dismissed from this action without prejudice.

## DISPOSITION

The Clerk is **DIRECTED** to add **WARDEN HARRINGTON** as a party Defendant.

**COUNT 4** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.   **COUNTS 5 and 6** are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.   Defendants **WOOLDRIDGE** and **EVIELSIZER** are

**DISMISSED** from this action without prejudice.

The Clerk of Court shall prepare for Defendants **BLEDSOL, BERNER, SADLER, FRANKLIN, HOSSELTON, BISHOP, HARDY, GHOSH, TILLDEN, TORVILLE, LUCE, STELFOR, LAIR,** and **HARRINGTON**:   (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint.   Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.

Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7**

**days** after a transfer or other change in address occurs.  Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution.  *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    DATED:  June 25, 2013


               s/  *G. Patrick Murphy*
               G. PATRICK MURPHY
               United States District Judge