IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DAVID ROBERT BENTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:13-cv-573-GPM-DGW |
| | ) | |
| LIEUTENANT BLEDSOL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge G. Patrick Murphy pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion for Preliminary Injunction filed by Plaintiff, David Robert Bentz, on June 17, 2013 (Doc. 1). For the reasons set forth below, it is **RECOMMENDED** that the Motion be **DENIED**, that the Court nonetheless strongly encourage, if not demand, that Plaintiff be given a thorough dental exam and cleaning, and that the Court adopt the following findings of fact and conclusions of law.

### INTRODUCTION

On June 28, 2013, this Court held a hearing on Plaintiff's request for injunctive relief made in his Complaint (Doc. 1, p. 28) and recognized in the District Court's screening Order entered on June 26, 2013 (Doc. 8). Plaintiff appeared *pro se* and Defendants, whose presumptive attorney was informed of the hearing, appeared by counsel, Christopher Higgerson of the Illinois Attorney General's Office. After being sworn in, Plaintiff indicated that the factual statements made in his Complaint were true and correct and he provided additional information regarding his claim.

## FINDINGS OF FACT

The following salient facts are drawn from the Complaint and the hearing. Plaintiff first sought dental care for pain and swelling in his mouth and jaw in October, 2010 while he was incarcerated at the Statesville Correctional Center. Several months later, on May 6, 2011, Plaintiff was seen by a dentist who took x-rays, determined that Plaintiff required fillings, and scheduled him for those fillings. Plaintiff's appointment for the fillings was rescheduled to a date that never was conveyed to Plaintiff. Plaintiff was then transferred to Pontiac Correctional Center on July 27, 2011 where he was housed for 3 months. While at Pontiac CC, Plaintiff again requested dental care on multiple occassions but was not provided any such care. Plaintiff was then transferred to Menard Correctional Center on November 2, 2011. Upon intake, he was examined by a dentist who indicated that there was nothing wrong with his teeth and that he only needed a cleaning. Plaintiff again requested dental care on numerous occasions due to swelling and pain. Plaintiff did not receive any dental care until recently, on May 20, 2013.

At the May 20, 2013 appointment, Plaintiff states that his jaw was obviously swollen and that he was having pain in his teeth. He also had trouble eating and swallowing and there was a bruise the size of a silver dollar on his neck. He informed the dental technician and the dentist of his pain and trouble eating but was mostly ignored. He states that during this "exam," the dental technician reviewed his dental charts and, when told of the swelling, stated that Plaintiff must have food stuck in his gum because that is what had happened to her in the past. The technician performed no examination and was seated behind Plaintiff when she offered her "diagnosis" of Plaintiff's problems. Plaintiff also states that the dentist merely did a cursory visual examination of his mouth. There was no actual cleaning, no x-rays, and no indication of when his fillings

2

would be completed.  Plaintiff also was not given any pain medication or informed of the date of his next dental appointment (presumably for a cleaning).

On the date of the hearing, Plaintiff stated that he was not in pain because he acquired Motrin from another inmate that has helped reduce the swelling and minimize the pain.  He further stated, however, that the swelling and pain will come-and-go and he is unsure what causes an on-set of his symptoms.  Plaintiff has no idea when he will receive another cleaning or when he will be scheduled for the fillings that were ordered at Statesville CC.  Plaintiff is concerned that without appropriate dental care, his teeth will have to be removed.

### CONCLUSIONS OF LAW

The PLRA provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . ., and "be the least intrusive means necessary to correct that harm."  18 U.S.C. § 3626(a)(2).  A preliminary injunction is an "extraordinary remedy" for which there must be a "clear showing" that Plaintiff is entitled to relief.  Plaintiff must show:

1. a reasonable likelihood of success on the merits;
2. no adequate remedy at law; and
3. irreparable harm absent the injunction.

*Planned Parenthood v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012).  The Court must then weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluates the effect of an injunction on the public interest."  *Id.*

It is clear that Plaintiff is not entitled to an injunction at this stage of the proceedings. Plaintiff's pain is reduced through medication, he is not in immediate danger (i.e. he can eat, talk, and otherwise use his mouth and jaw), nor is there any showing that Plaintiff's pain will return as

long as he is taking medication. Thus, there is sufficient time to acquire an adequate remedy at law and there is no showing of irreparable harm.

This Court nonetheless finds it shameful that Plaintiff has gone at least two years without a cleaning, without even an appointment for fillings, and without something more than a cursory dental examination. As held by the Seventh Circuit Court of Appeals, "[t]ooth decay can constitute an objectively serious medical condition because of pain and the risk of infection" and "[a] significant delay in effective medical treatment also may support a claim of deliberate indifference, especially where the result is prolonged and unnecessary pain." *Berry v. Peterman*, 604 F.3d 435, 440-441 (7th Cir. 2010); *See also Board v. Farnham*, 394 F.3d 469, 480 (7th Cir. 2005). Plaintiff should not face the Hobson's choice of indefinitely waiting for unscheduled dental care. While disagreements with a doctor's medical judgment do not amount to deliberate indifference to a serious medical need, *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005), Plaintiff in this case has already been told by two dentists that he needs fillings and a cleaning, respectively. It should not take two years for either of those things to happen, even in jail. This Court would strongly encourage, if not demand, that prison officials ensure that Plaintiff's dental records be reviewed by a dentist as soon as possible and that Plaintiff at least be scheduled for the cleaning and fillings, that were found necessary, in a timely manner.

## RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that the Motion for Preliminary Injunction filed by Plaintiff, David Robert Bentz, on June 17, 2013 (Doc. 1) be **DENIED,** that the Court nonetheless strongly encourages, if not demands, that Plaintiff be given a thorough dental exam and cleaning by the Illinois Department of Corrections as soon as possible, and that the

4

Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto.   The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals.   *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: July 1, 2013**

**DONALD G. WILKERSON**
**United States Magistrate Judge**

5