IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID ROBERT BENTZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 13-573-GPM |
| | ) |
| LIEUTENANT BLEDSOL, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, David Robert Bentz, is currently incarcerated at Menard Correctional Center ("Menard"). He filed the instant action pursuant to 42 U.S.C. § 1983 alleging that numerous prison officials at Menard violated his constitutional rights when they denied him treatment for a serious dental condition (Doc. 8). In his complaint, Plaintiff indicated that he is seeking monetary damages, as well as, injunctive relief for immediate care for his abscessed tooth and chronic pain (Doc. 8).

This matter is currently before the Court on Plaintiff's motion for reconsideration (Doc. 28) and the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson recommending that Plaintiff's motion for a preliminary injunction be denied (Doc. 29). For the reasons stated below, Plaintiff's motion for reconsideration is denied and the Report and Recommendation is adopted.

**I.   PLAINTIFF'S MOTION FOR RECONSIDERATION**

Plaintiff's motion challenges the portion of the Memorandum and Order of June 26, 2013

(Doc. 8) dismissing Evielsizer as a defendant in this case. The Court found that Plaintiff failed to state a claim against Defendant Evielsizer because Plaintiff did not include any allegations against him, and merely invoking the name of a potential defendant is not sufficient to state a claim against that individual (Doc. 8).

Plaintiff filed his motion for reconsideration on July 1, 2013 asking the Court to reinstate his claim against Defendant Evielsizer (Doc. 28). Plaintiff argues that that the Court overlooked his allegations against Defendant Evielsizer in paragraph 50 of his complaint (Doc. 28). Plaintiff also provided additional allegations concerning Defendant Evielsizer that were not included in his original complaint, and asks the Court to consider those allegations as a supplement to his complaint (Doc. 28).

While a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure, such motions are routinely filed, and they generally are treated as motions to alter or amend judgment under Rule 59(e) *or* motions for relief from judgment/order under Rule 60(b). *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). Since Plaintiff's motion was filed within four days of the entry of the order he is seeking to challenge, Plaintiff has invoked Rule 59(e). Rule 59(e) permits a court to amend a judgment or order only if the movant demonstrates a manifest error of law or fact, or presents newly discovered evidence that was not previously available. *See, e.g., Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007).

After due consideration, the Court concludes that Plaintiff is not entitled to relief. The Court did not overlook paragraph 50 of Plaintiff's complaint; rather, the allegations contained within paragraph 50 are simply insufficient to state a claim against Defendant Evielsizer. Paragraph 50 contains nothing more than generic, conclusory allegations against eleven prison

officials. While Defendant Evielsizer's name is listed among those prison officials, there are no other facts, in paragraph 50 or elsewhere, demonstrating his personal involvement in the purported constitutional violation. Accordingly, the Court remains convinced that Defendant Evielsizer was properly dismissed.

Furthermore, the Court will not reinstate Plaintiff's claim against Defendant Evielsizer based on the additional allegations Plaintiff provided in his motion; the Court does not accept piecemeal amendments to the original complaint. However, before attempting to revive his claim against Defendant Evielsizer by filing an amended complaint, Plaintiff is **DIRECTED** to consult with his newly appointed attorney (Doc. 32).

## II. REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE WILKERSON

On June 28, 2013, Magistrate Judge Wilkerson held a hearing on Plaintiff's request for a preliminary injunction made in his complaint (Doc. 1), and recognized in the Court's threshold order (Doc. 8). In his Report and Recommendation, Judge Wilkerson found that Plaintiff failed his burden of establishing the elements required to obtain a preliminary injunction, and recommended denying Plaintiff's motion (Doc. 29). Plaintiff filed a timely objection to the Report and Recommendation (Doc. 30). No response was filed because all of the Defendant have yet to enter their appearances in the case.

Since timely objections have been filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. §§ 636(b)(1)(B), (C), FED. R. CIV. P. 72(b); SDIL-LR 73(1)(b); *Harper v. City of Chicago Heights* 824 F. Supp. 786, 788 (N.D. Ill. 1993). In doing so, the Court "need not conduct a new hearing on the entire matter, but must give 'fresh consideration to those issues to which *specific* objections have been made.'" *Id.* (emphasis added) (citations

omitted). In doing so, the Court has the discretion to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

### A. Legal Standard for Obtaining a Preliminary Injunction

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997). In order to obtain a preliminary injunction, Plaintiff had the burden of establishing that: (1) he is likely to succeed on the merits of his claim; (2) he has no adequate remedy at law; and (3) he is likely to suffer irreparable harm without the injunction. *Planned Parenthood of Indiana, Inc. v. Comm'r of Indiana State Dep't Health*, 699 F.3d 962, 972 (7th Cir. 2012), *citing Am. Civil Liberties Union of Ill. v. Alvarez,* 679 F.3d 583, 589–90 (7th Cir. 2012).

In the context of prisoner litigation, the scope of the Court's authority to enter an injunction is circumscribed by the Prison Litigation Reform Act ("PLRA"). *Westefer v. Neal,* 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunction relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). *See also Westefer,* 682 F.3d at 683 (noting the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prison officials have broad administrative and discretionary authority over the institutions they manage") (internal quotation marks and citation omitted).

### B. Denial of the Preliminary Injunction

In his Report and Recommendation, Judge Wilkerson found that Plaintiff was not in

immediate danger because he could eat, talk, and otherwise use his mouth and jaw (Doc. 29). Judge Wilkerson also found that Plaintiff's pain was intermittent and alleviated through over-the-counter pain medication (Doc. 29). Therefore, Judge Wilkerson concluded that there was sufficient time for Plaintiff to acquire an adequate remedy at law and there was no showing of irreparable harm (Doc. 29). Accordingly, he recommended denying Plaintiff's motion for a preliminary injunction (Doc. 29).

Plaintiff objected to the Report and Recommendation on several grounds. First, Plaintiff corrected what he saw as factual mistakes made by Judge Wilkerson in his narrative of the dental care Plaintiff has received (Doc. 30). While the Court has taken note of Plaintiff's objection, it does not factor into the Court's consideration of the Report and Recommendation because the particular facts disputed by Plaintiff were rather inconsequential to Judge Wilkerson's ultimate conclusion.

Plaintiff second objection deals with Judge Wilkerson's conclusion that Plaintiff's pain is reduced through medication despite Judge Wilkerson's recognition that Plaintiff was not prescribed any pain medication and he only obtained it through another inmate (Doc. 30). Plaintiff asserts that relying on other inmates for Motrin is not an adequate remedy (Doc. 30). While it is certainly true that inmates should not have to rely on one another instead of the correctional institution for medication, Plaintiff's objection misses the point. The Court is not surprised that Plaintiff was not prescribed pain medication when, by his own admission, his pain comes and goes *on its own*, and therefore pain medication is presumably not always necessary. This fact, coupled with the fact that plaintiff's pain and swelling is reduced with over-the-counter pain medication, supports the conclusion that his condition is not so dire to warrant the

extraordinary remedy of a preliminary injunction.

Plaintiff also objected to Magistrate Wilkerson's conclusion that there was no showing of irreparable harm (Doc. 30). Plaintiff alleges that the possibility of further tooth decay, or the possibility that he may have to have his tooth extracted, is sufficient to show irreparable harm (Doc. 30). However, the mere possibility of irreparable harm is insufficient; rather Plaintiff must "demonstrate that irreparable harm is *likely* in the absence of an injunction." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). At this point, Plaintiff has shown nothing but his own belief that he will suffer from irreparable harm. Furthermore, his allegations are unsupported by any medical evidence, and also by his appearance and demeanor at the June 28th hearing.

As a final matter, the Court addresses Plaintiff concern about Judge Wilkerson's recommendation that the Court deny the preliminary injunction, but nevertheless, "strongly encourage, if not demand" a review of Plaintiff's dental records and a teeth cleaning for Plaintiff (Doc. 30). The Court wishes to clarify that this Order adopts the Report and Recommendation insofar as it agrees with Judge Wilkerson's ultimate conclusion— Plaintiff's condition clearly does not warrant a preliminary injunction. The portion of the Report and Recommendation containing Judge Wilkerson's opinion regarding the dental care Plaintiff has received, remains just that; it is not a part of this Order.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for reconsideration (Doc. 28) is **DENIED**. Plaintiff's objections to the Report and Recommendation (Doc. 30) are **OVERRULED**. The Report and Recommendation of Magistrate Judge Wilkerson (Doc. 29) is

**ADOPTED**, and Plaintiff's motion for a preliminary injunction is **DENIED**.

**IT IS SO ORDERED.**

DATED:   July 26, 2013

                                                          s/ *G. Patrick Murphy*
                                                          G. PATRICK MURPHY
                                                          United States District Judge