IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID ROBERT BENTZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-573-NJR-DGW |
| ) | |
| J. BERNER, COLLEEN FRANKLIN, JILL ) | |
| HOSSELTON, R. BISHOP, MARCUS ) | |
| HARDY, PARTHA SARATH GHOSH, ) | |
| ANDREW TILLDEN, LT. TORVILLE, C. ) | |
| LUCE, STELFOR, S. LAIR, WARDEN ) | |
| HARRINGTON, SGT. CHRISTOPHER ) | |
| BLEDSOE, and C/O RYAN SADLER, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the question of whether Plaintiff exhausted his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act, 28 U.S.C. § 1997e(a). For the reasons set forth below, it is **RECOMMENDED** that the Motion for Summary Judgment filed by Defendants Dr. Andrew Tilden and Dr. Robert Stelfox (Doc. 122), and the Motion for Summary Judgment filed by Defendant Richard Harrington (Doc. 132) be **GRANTED**, and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Plaintiff, David Robert Bentz, an inmate at Menard Correctional Center ("Menard"), filed

this lawsuit on June 17, 2013, alleging various claims against a number of defendants related to the denial of medical care at Stateville Correctional Center ("Stateville"), Pontiac Correctional Center ("Pontiac"), and Menard.  After an initial screening by the Court pursuant to 28 U.S.C. § 1915A (Doc. 8) and an Order by District Judge Nancy J. Rosenstengel (Doc. 126) on various motions to dismiss, the following claims remain pending in this lawsuit:

**Count 1:** Deliberate indifference to serious dental needs against Stateville medical provider Defendants Ghosh, Luce, and John/Jane Doe #1 (dentist); against Pontiac medical provider Defendants Tillden and John/Jane Doe #4 (dentist); against Menard medical provider Defendants Stelfor, Jane Doe #2 (dental assistance), John/Jane Doe #3 (dentist), Jane Doe #5 (nurse), and John Doe #6 (Menard medical technician); and against Defendant Menard Warden Harrington;

**Count 2:** State law claim for negligence, against Stateville medical provider Defendants Ghosh and John/Jane Doe #1 (dentist); against Pontiac medical provider Defendants Tillden and John/Jane Doe #4 (dentist); against Menard medical provider Defendants Stelfor, Jane Doe #2 (dental assistant), John/Jane Doe #3 (dentist), Jane Doe #5 (nurse) and John Doe #6 (Menard medical technician).

On July 1, 2014, Defendants Andrew Tilden and Robert Stelfox filed a Motion for Summary Judgment (Doc. 122) arguing Plaintiff failed to exhaust his administrative remedies prior to filing suit.  Based on a review of Plaintiff's grievance records, as well as records maintained by the Administrative Review Board ("ARB"), Defendants Tilden and Stelfox assert that Plaintiff never filed a grievance concerning the allegations brought against them in the Complaint.  Plaintiff filed his response to Defendants' Motion on July 21, 2014 (Doc. 125) asserting that he properly exhausted his administrative remedies and there are genuine issues of material fact in dispute which preclude summary judgment.

On September 5, 2014, Defendant Richard Harrington filed a Motion for Summary Judgment (Doc. 132) arguing that Plaintiff failed to exhaust his administrative remedies prior to

filing suit against him. Plaintiff filed his response to Defendant's Motion on September 12, 2014 (Doc. 134) asserting that he exhausted his administrative remedies to the extent that they were made available to him.

*Exhaustion of Claim against Defendant Tilden*

Plaintiff's deliberate indifference claim against Defendant Tilden arises from events occurring on August 27, 2011 at Pontiac. On this date, Plaintiff alleges that he asked Defendant Tilden to assist him in receiving dental treatment and requested pain medication for his tooth while he was being seen by this Defendant for an unrelated medical condition regarding his hand. According to Plaintiff, Defendant Tilden denied his requests and Plaintiff never received dental treatment while he was incarcerated at Pontiac.

Defendant Tilden concedes that Plaintiff filed a grievance concerning his examination on August 27, 2011. This grievance, dated August 27, 2011, complains of Defendant Tilden's failure to provide adequate medical attention to his right hand. The grievance does not mention a denial of treatment for dental care and/or denial of pain medication for Plaintiff's tooth. This grievance was properly exhausted and the ARB provided its final determination on the issue on February 28, 2012.

In response to Defendant Tilden's Motion for Summary Judgment, Plaintiff explains that he filed numerous grievances, including emergency grievances, regarding treatment for his dental condition. By Plaintiff's own admission, the bulk of these grievances were filed while Plaintiff was incarcerated at either Stateville or Menard. Plaintiff, in error, states that he filed a grievance on August 31, 2011 while at Pontiac regarding his dental care. However, this grievance was not filed by Plaintiff on August 31, 2011; rather, the ARB *received* this grievance

on August 31, 2011. This grievance was initially filed by Plaintiff February 1, 2011, while he was incarcerated at Stateville. In his response, Plaintiff does not assert that he filed any other grievances regarding his dental treatment while he was incarcerated at Pontiac.

*Exhaustion of Claim against Defendant Stelfox*

Plaintiff's deliberate indifference claim against Defendant Stelfox arises from a dental examination Plaintiff had on May 22, 2013. According to Plaintiff, Defendant Stelfox examined him on May 22, 2013 and Plaintiff asked him to treat his abscessed tooth. Defendant told Plaintiff nothing was wrong with his tooth and he only needed a cleaning. Defendant Stelfox asserts that neither Plaintiff's grievance file, nor his cumulative counseling summary, contain any grievances or references to any grievances complaining of dental treatment received from this Defendant. Although Defendant Stelfox notes that Plaintiff filed an emergency grievance on June 7, 2013 complaining of dental treatment received on May 22, 2013, Defendant avers that this grievance is insufficient to establish exhaustion as it does not identify or describe Defendant Stelfox and there is no indication that either Plaintiff's grievance officer or the ARB responded to this grievance prior to his filing suit.

In response to Defendant Stelfox's Motion for Summary Judgment, Plaintiff explains that he filed numerous grievances, including emergency grievances, regarding treatment for his dental condition. Plaintiff asserts that he filed an emergency grievance on June 7, 2013 while incarcerated at Menard complaining about the dental care he received on May 22, 2013. On June 12, 2013, the CAO reviewed this grievance, determined that an emergency was not substantiated, and advised Plaintiff to submit this grievance in the normal manner. On June 24, 2013 the ARB received this grievance and it was returned to Plaintiff on July 17, 2013, directing him to submit

additional information (Doc. 133-2, p. 3). Plaintiff filed this suit on June 17, 2013, prior to receiving the ARB's response.

*Exhaustion of Claim against Defendant Harrington*

Plaintiff's deliberate indifference claim against Defendant Harrington, the warden of Menard, arises from his denial of Plaintiff's emergency grievance dated June 7, 2013. In this grievance, Plaintiff complains about the dental care he received at Menard. Defendant Harrington received this grievance on June 11, 2013 and Defendant, or someone acting on his behalf, determined that an emergency was not substantiated on June 12, 2013 and Plaintiff was advised to submit his grievance in the normal manner.

Defendant avers that there are only two relevant grievances to this claim, one filed June 7, 2013 and the other apparently missing, but presumably filed May 22, 2013, both of which are insufficient to establish exhaustion as to this Defendant. With respect to the June 7, 2013 grievance, Defendant contends that this grievance is insufficient to establish exhaustion because Plaintiff filed suit before the ARB responded to his appeal of this grievance. Specifically, after receiving the CAO's response on June 12, 2013, Plaintiff appealed it to the ARB, which received it on June 24, 2013. However, Plaintiff filed suit in this matter on June 17, 2013, prior to the ARB ever receiving his appeal or having time to respond to his appeal. With respect to the missing grievance, Defendant explains that, according to the IGRV database maintained by the ARB, Plaintiff filed one other grievance regarding his dental care at Menard. Although a copy of this grievance has not been located by the ARB or produced by Plaintiff, and is not contained in the grievance files at Menard, the comments field in the IGRV database provides the following information with respect to this grievance: "RGF. Grv 5/22/13 alleges put in sick call slip for

Page **5** of **14**

Dentist but has not been seen by Dentist. Not submitted in timeframe. *Couldn't locate in file for an AG request, 9/2/14, SB." (Doc. 133-1, p. 4). According to Sherry Benton, Chairperson of the ARB, the IGRV entry indicates that on November 7, 2013, this grievance was denied by the ARB on procedural grounds because Plaintiff did not timely file his grievance. Sherry Benton notes that the entry regarding this grievance seems to indicate that the grievance was dated May 22, 2013 (*Id.*).

In response to Defendant Harrington's Motion for Summary Judgment, Plaintiff explains that he filed numerous grievances, including emergency grievances, regarding treatment for his dental condition, but failed to receive the relief he sought. Further, Plaintiff contends that while at Menard he had difficulty obtaining grievance forms and, if he was able to submit a grievance, it would never be filed or received because they were thrown into the garbage.

*Pavey Hearing*

Pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), the Court held a hearing on the issue of exhaustion on December 15, 2014. At the hearing, Plaintiff provided testimony regarding his attempts at exhausting his administrative remedies as to Defendants Tilden, Stelfox, and Harrington prior to filing suit.

With respect to Defendant Tilden, Plaintiff conceded that the August 27, 2011 grievance did not exhaust the claims in this suit as this grievance "actually ha[d] to do with another lawsuit." (Hearing Transcript, Doc. 155, p. 4). However, Plaintiff testified that he filed a grievance around the same time, likely sometime in September, 2011, complaining that Defendant Tilden refused to provide him pain medication for a tooth ache and refused to put in for Plaintiff to see a dentist. Plaintiff claims he put this grievance in the bars addressed to his

counselor in the institutional mail (Doc. 155, p. 7).

With respect to Defendant Stelfox, Plaintiff testified that his June 7, 2013 grievance that references "John Doe" is actually in reference to Dr. Stelfox. Accordingly, Plaintiff indicated that he is relying on the June 7, 2013 grievance to establish exhaustion on his claim against this Defendant. Plaintiff asserted that he initiated the lawsuit at the time he did because he believed he was up against the statute of limitations and, according to Plaintiff, he filed this lawsuit based on the initial grievance he filed while he was incarcerated at Stateville.

Plaintiff further testified that he never filed a grievance complaining of Defendant Harrington's conduct. Defendant Harrington argues that to the extent the June 7, 2013 grievance is the only grievance that could possibly be construed against him, this grievance does not satisfy the exhaustion requirement because the lawsuit was initiated before Plaintiff received a response to his appeal from the ARB.

## CONCLUSIONS OF LAW

### *Summary Judgment Standard*

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Lawrence v.*

*Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex,* 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* The Seventh Circuit has stated that summary judgment "is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

*Exhaustion Requirements under the PLRA*

> The Prison Litigation Reform Act provides:
>
> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr.*, 182 F.3d 532, 534-535 (7th Cir. 1999) (stating that §1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006). The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006). This means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90, (quoting

*Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). In finding that the PLRA requires proper exhaustion, the Supreme Court agreed with the Seventh Circuit's interpretation of the statute as stated in *Pozo*, which required an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. In *Pavey*, the Seventh Circuit instructed District Courts to conduct a hearing to determine whether a Plaintiff has exhausted his remedies. *Id.* 544 F.3d at 742. If a Plaintiff has exhausted his remedies, the case will proceed on the merits. If, however, a Plaintiff has not exhausted, the Court may either allow Plaintiff to exhaust or terminate the matter.

*Exhaustion Requirements under Illinois Law*

Under the procedures set forth in the Illinois Administrative Code, an inmate must first attempt to resolve a complaint informally with his Counselor. ILL. ADMIN. CODE TIT. 20, § 504.810(a). If the complaint is not resolved, the inmate may file a grievance within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance. *Id.* §504.810(b). The grievance form shall contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of the complaint. *Id.* § 504.810(b). The grievance officer is required to advise the Chief Administrative Officer ("CAO" – usually the Warden) at the facility in writing of the findings on the grievance. *Id.* § 504.830(d). The CAO shall advise the inmate of the decision on the grievance within two months of it having been filed, where reasonably feasible under the circumstances. *Id.* § 504.830(d). An inmate may appeal the decision of the CAO in writing within 30 days to the Administrative Review Board for a final decision. *Id.* § 504.850(a). *See also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006). An inmate's administrative

remedies are not exhausted until the appeal is ruled on by the Administrative Review Board. *See Id.* The Administrative Review Board shall make a final determination of the grievance within six months after receipt of the appealed grievance, where reasonably feasible under the circumstances. *Id.* § 504.850(f).

An inmate may request that a grievance be handled as an emergency by forwarding it directly to the CAO. If the CAO determines there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance shall be handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender indicating what action shall be taken. *Id.* §504.840. If, after receiving a response from the CAO, an offender feels that the grievance has not been resolved, he may appeal in writing to the ARB within 30 days after the date of the CAO's decision. *Id.* § 504.850(a).

An inmate is required to exhaust only those administrative remedies available to him. *See* 42 U.S.C. § 1997e(a). The Seventh Circuit has held that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005). The availability of a remedy does not depend on the rules and regulations as they appear on paper, but on "whether the paper process was in reality open for the prisoner to pursue." *Wilder v. Sutton*, 310 Fed.Appx. 10, 13 (7th Cir. 2009). If further remedies are unavailable to the prisoner, he is deemed to have exhausted. *Id.* Prisoners are required only to provide notice to "responsible persons" about the complained-of conditions. *See Wilder*, 310 Fed.Appx. at 15 (citing *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)). An inmate forfeits the grievance process, however, when he causes the unavailability of a remedy by not filing or appealing a grievance. *See Kaba*,

458 F.3d at 684.

*Discussion*

Based on the evidence adduced and arguments made at the hearing, it is recommended that the Court find Plaintiff did not exhaust his administrative remedies as to Defendants Tilden, Stelfox, and Harrington prior to filing this suit.

Generally, the Court acknowledges that Plaintiff filed a number of grievances concerning his dental treatment from 2010 to 2013. However, the mere fact that Plaintiff submitted numerous grievances does not establish exhaustion of administrative remedies. As outlined above, the Illinois Administrative Code requires a plaintiff to engage in a particular process and specify, with some detail, each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of the complaint. *Id.* § 504.810(b). Accordingly, it is not sufficient that Plaintiff complained generally about his dental treatment; rather, he must have filed a grievance complaining about each Defendant currently named in this lawsuit and referencing the events giving rise to the claims asserted against them.

**Defendant Tilden's Motion for Summary Judgment**

Plaintiff concedes that the grievance he filed August 27, 2011 is not sufficient to exhaust his claim against Defendant Tilden. However, Plaintiff asserts that he filed a grievance sometime in September, 2011 that complains of Defendant Tilden's actions at issue in this suit – mainly his denial of dental treatment. Plaintiff avers that he put this grievance in his cell bars addressed to his counselor, but never received a response. The Court does not find Plaintiff's assertion credible. Plaintiff's allegations against Defendant Tilden relate to requests he made for dental treatment and pain medication while Defendant Tilden was examining his hand on August

27, 2011. As mentioned above, Plaintiff submitted a grievance complaining about Defendant Tilden's treatment of his hand on the date of his examination — August 27, 2011. Plaintiff now asks the Court to believe his assertion that he waited some unknown amount of time, at least until September, 2011, to file a grievance complaining about Defendant Tilden's denial of dental treatment that occurred during the examination for which he already filed a grievance. Plaintiff's assertion seems disingenuous and appears illogical to the Court. Plaintiff had the opportunity to grieve his dental complaints in the August 27, 2011 grievance. Accordingly, the Court finds that Plaintiff failed to exhaust his administrative remedies as to Defendant Tilden prior to filing suit.

### **Defendant Stelfox's Motion for Summary Judgment**

Plaintiff clearly did not exhaust his administrative remedies against Defendant Stelfox. Plaintiff's June 7, 2013 grievance effectively complains about Defendant Stelfox's actions at issue in this lawsuit; however, this grievance was not exhausted before Plaintiff filed suit. Plaintiff filed this grievance as an emergency grievance on June 7, 2013. On June 12, 2013, the CAO determined that an emergency was not substantiated and Plaintiff was advised to submit this grievance in the normal manner. Plaintiff appealed this determination to the ARB which received it on June 24, 2013. Importantly, Plaintiff filed suit on June 17, 2013, prior to receiving a final decision from the ARB on this grievance. Accordingly, it is apparent that this grievance was not exhausted prior to the filing of this lawsuit. Although the Court appreciates that Plaintiff believed he had to file suit as he was running up against the statute of limitations, such an argument does not detract from his obligation to exhaust against each Defendant in this case.

### **Defendant Harrington's Motion for Summary Judgment**

Plaintiff clearly did not exhaust his administrative remedies against Defendant

Harrington. The claim against Defendant Harrington in this lawsuit relates to his denial of Plaintiff's June 7, 2013 grievance. Plaintiff admits that he never filed a grievance complaining of Defendant Harrington's conduct. Even if the Court somehow construes the June 7, 2013 grievance as sufficient to grieve Plaintiff's claims against Defendant Harrington, as the Court discussed above, this grievance was not exhausted prior to Plaintiff filing suit. Further, although the Court appreciates Defendant's candor and analysis regarding Plaintiff's "lost" grievance that was likely filed May 22, 2013, the Court finds that this grievance could not be relevant to Plaintiff's claims against Defendant Harrington. Specifically, the Court finds that Plaintiff's claim against Defendant Harrington did not arise until at least June 7, 2013; as such, this grievance certainly predated his claim. Accordingly, the Court finds that Plaintiff did not properly exhaust his administrative remedies on his claim against Defendant Harrington.

### RECOMMENDATIONS

Based on the foregoing, it is hereby **RECOMMEDED** that the Motion for Summary Judgment filed by Defendants Dr. Andrew Tilden and Dr. Robert Stelfox (Doc. 122) be **GRANTED**; that the Motion for Summary Judgment filed by Defendant Richard Harrington (Doc. 132) be **GRANTED**; that the Court **FIND** that Plaintiff did not exhaust his administrative remedies prior to filing suit against Defendants Tilden, Stelfox, and Harrington; that Count One against Defendants Tilden and Stelfox be **DISMISSED WITIHOUT PREJUDICE**; that Defendant Harrington be **DISMISSED WITHOUT PREJUDICE**; and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The

failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: February 18, 2015**

                                              **DONALD G. WILKERSON**
                                              **United States Magistrate Judge**