## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DAVID ROBERT BENTZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 13-CV-573-NJR-DGW** |
| | ) | |
| **PARTHASARATHI GHOSH,** | ) | |
| **ANDREW TILDEN, CHRISTINE LUCE,** | ) | |
| **ROBERT STELFOX,** | ) | |
| **RICHARD HARRINGTON, DOE 1,** | ) | |
| **DOE 2, DOE 3, DOE 4, DOE 5, and** | ) | |
| **DOE 6,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 158), recommending that the motions for summary judgment on the issue of exhaustion filed by Defendants Dr. Andrew Tilden, Dr. Robert Stelfox, and Warden Richard Harrington (Docs. 122, 132) be granted. The Report and Recommendation was entered on February 18, 2015, and Plaintiff David Bentz filed a timely objection (Doc. 164).

Because timely objections were filed, the undersigned must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). *De novo* review requires the district judge to "give fresh consideration to those issues to which specific

objections have been made" and make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Harper*, 824 F.Supp. at 788 (citing 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)); *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper*, 824 F. Supp. at 788. For the reasons stated below, the Court overrules Plaintiff's objections and adopts the Report and Recommendation of Magistrate Judge Wilkerson.

## BACKGROUND

Plaintiff David Bentz is an inmate in the custody of the Illinois Department of Corrections at Menard Correctional Center. He filed this action on June 17, 2013, alleging various claims against a number of Defendants related to the denial of dental care while he was incarcerated at Stateville Correctional Center, Pontiac Correctional Center, and Menard Correctional Center. As of now, the only claims that remain pending are:

- Count 1 for deliberate indifference against Defendants Parthasarathi Ghosh, Dr. Andrew Tilden, Christine Luce, Dr. Robert Stelfox, Richard Harrington, and Does 1 through 6.

- Count 2 for negligence under Illinois state law against Defendants Parthasarathi Ghosh, Dr. Andrew Tilden, Dr. Robert Stelfox, and Does 1 through 6.

Defendants Tilden, Stelfox, and Harrington filed motions for summary judgment arguing that Plaintiff failed to exhaust his administrative remedies prior to filing suit

(Docs. 122, 132).[1] As required by *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Magistrate Judge Wilkerson held an evidentiary hearing on the issue of exhaustion on December 15, 2014 (Doc. 152). Following the hearing, Magistrate Judge Wilkerson issued the Report and Recommendation currently before the Court (Doc. 158). For the sake of ease, the Court will discuss separately the findings of fact, conclusions of law, and Plaintiff's objections as they pertain to each Defendant.

DISCUSSION

## A. Defendant Andrew Tilden

Plaintiff claims that Dr. Tilden was deliberately indifferent to his serious dental needs at Pontiac on August 27, 2011. Plaintiff was seeing Dr. Tilden that day for a medical issue related to his hand, and Plaintiff asked Tilden for pain medication for his tooth and to assist him in getting dental care, but Tilden refused.

Magistrate Judge Wilkerson found that Plaintiff filed a grievance against Dr. Tilden on the same day of the examination (Doc. 158, pp. 3, 6). That grievance complained that Dr. Tilden failed to provide adequate medical attention for his hand; it did not mention anything about Plaintiff's requests regarding dental care. Consequently, at the *Pavey* hearing, Plaintiff conceded that this grievance was insufficient to exhaust his claims against Dr. Tilden (Doc. 158, p. 6). Plaintiff testified, however, that he filed another grievance against Dr. Tilden, likely sometime in September 2011, complaining that Tilden refused to provide him pain reliever for his toothache or refer him to a dentist (*Id.*). Plaintiff claimed that he put the grievance in the

---

[1] Defendants Parthasarathi Ghosh, Christine Luce, and Does 1 through 6 did not move for summary judgment on the issue of exhaustion.

bars of his cell but never received a response (*Id.* at p. 11).

Magistrate Judge Wilkerson found Plaintiff's assertion regarding the second grievance for denial of dental care not credible (Doc. 158, p. 11). Specifically, Magistrate Judge Wilkerson said it was "illogical" that Plaintiff would submit a grievance complaining about the treatment he received for his hand during the August 27th examination, but then wait an unspecified amount of time and file another grievance complaining about the denial of dental treatment during that same exam.

Plaintiff objects to Magistrate Judge Wilkerson's conclusion that he did not file a second grievance. He asserts that he "did in fact file a grievance" against Dr. Tilden regarding the denial of dental care, but he never got a response (Doc. 164, pp. 1–2). He does not, however, provide any further details about the purported grievance.

This Court finds that Magistrate Judge Wilkerson's credibility determination was sound. It simply does not make any sense that Plaintiff would file a grievance complaining about the care he received on August 27th but not mention every aspect of the care that was allegedly inadequate. Perhaps the Court would be more inclined to believe Plaintiff had he provided some specifics about his alleged second grievance, such as the date on which it was submitted, when it was picked up and by whom, what it said, etc. Without something more, it appears that Plaintiff's argument is based on a last-ditch effort to save his claim rather than events that actually transpired. The Court cannot simply accept Plaintiff's vague assertion that a grievance was filed but never responded to, otherwise every prisoner would make that argument, and the affirmative defense of exhaustion would be rendered useless.

**B.  Defendant Robert Stelfox**

Plaintiff claims that Dr. Stelfox was deliberately indifferent to his serious dental needs at Menard on May 22, 2013. Dr. Stelfox examined Plaintiff's teeth that day, and when Plaintiff asked for treatment for his abscessed tooth, Dr. Stelfox told him there was nothing wrong with his tooth. According to Dr. Stelfox, Plaintiff's teeth only needed a cleaning.

Magistrate Judge Wilkerson found that Plaintiff submitted an emergency grievance against Dr. Stelfox on June 7, 2013 (Doc. 158, pp. 4, 7, 12). Five days later, the Warden determined that it was not an emergency situation, and he advised Plaintiff to submit the grievance in the normal manner (*Id.* at p. 12). Plaintiff appealed this determination, and the ARB received the appeal on June 24, 2013 (*Id.*). By that time, however, Plaintiff had already filed suit.[2] Accordingly, Magistrate Judge Wilkerson concluded that the grievance was not exhausted because he filed suit prior to receiving a final decision from the ARB (*Id.*).

In objecting to this conclusion, Plaintiff repeats the same argument that he made to Magistrate Judge Wilkerson at the *Pavey* hearing: he filed suit because he believed that he was up against the statute of limitations, and if he waited for a response from the ARB then some of his claims would be time-barred (Doc. 164, p. 1). Plaintiff's objection is not developed whatsoever. The Court is unsure why exactly Plaintiff thinks this argument saves his claim against Dr. Stelfox, and the Court is unaware of any reason why it would. Plaintiff was not required to bring all of his claims against the

---

[2] Plaintiff filed suit on June 17, 2013, which was seven days before the ARB even received his appeal.

Stateville Defendants, the Pontiac Defendants, and the Menard Defendants in one suit. He could have filed suit against the Stateville Defendants within the applicable statute of limitations, and then filed a second suit against the Menard Defendants after he fully exhausted those claims. But Plaintiff chose to bring all of his claims in one suit, even though he had not properly exhausted each claim at the time he filed his complaint. His fear about the statute of limitations with respect to his claims against the Stateville Defendants does not excuse his failure to fully exhaust his claims against the Menard Defendants.

Plaintiff also objected to Dr. Stelfox's argument that Plaintiff's grievances were insufficient to establish exhaustion because they did not identify or describe the doctor (Doc. 164, p. 3). Magistrate Judge Wilkerson did not even address this argument, much less rely on it, in finding that Plaintiff failed to exhaust his administrative remedies. Therefore, Plaintiff's objection is irrelevant and does not need to be addressed by the Court.

**C.  Defendant Richard Harrington**

Plaintiff claims that Defendant Harrington, the warden at Menard Correctional Center, was deliberately indifferent to his serious dental needs when he denied Plaintiff's emergency grievance on June 7, 2013.

Magistrate Judge Wilkerson found it undisputed that Plaintiff never filed a grievance complaining of Defendant Harrington's conduct (Doc. 158, p. 13). He further concluded that none of Plaintiff's other grievances could be used to exhaust his administrative remedies with respect to his claims against Defendant Harrington (*Id.*).

In particular, there was the grievance filed on June 7, 2013, as well as a grievance that was likely filed on May 22, 2013, but then apparently lost. Magistrate Judge Wilkerson concluded that the June 7th grievance was insufficient because, as previously noted, it was not exhausted prior to Plaintiff filing suit (*Id.*). He further concluded that the May 22nd grievance was irrelevant with respect to Defendant Harrington because it was filed prior to Harrington's actions that gave rise to Plaintiff's claims against him (*Id.*).

Plaintiff's objections with respect to Defendant Harrington are the same as his objections for Dr. Stelfox. As previously discussed, both are unavailing.

### D.  Objection to the Assignment of Magistrate Judge Wilkerson

Tacked onto the end of Plaintiff's objections is a request for the case to be reassigned to another magistrate judge (Doc. 164, p. 4). Plaintiff claims that Magistrate Judge Wilkerson is biased against him and "knowingly intentionally, continually denies this Plaintiff of his right to prosecute and/or defend within this action." In particular, Plaintiff asserts that Magistrate Judge Wilkerson put restrictions on his recruited counsel, Daniel Bradley,[3] that prevented Mr. Bradley from "preserv[ing] issues for appeal" and from "amend[ing] Plaintiff's complaint." Plaintiff further asserts that he was banned from prosecuting or objecting to issues that were outside Mr. Bradley's scope of representation.

Plaintiff is mistaken. Magistrate Judge Wilkerson never restricted Mr. Bradley in any way from making arguments. To the extent that Mr. Bradley did not make

---

[3] Daniel Bradley filed a motion to withdraw as Plaintiff's counsel after Plaintiff filed a "Motion re Ineffectiveness of Appointed Counsel and/or to Appoint Counsel" (Docs. 134, 135, 136). Mr. Bradley's motion was granted on September 24, 2014, and Plaintiff has proceeded *pro se* since then (Doc. 138).

arguments that Plaintiff thought he should make (such as objecting to the dismissal of a number of Defendants (*see* Doc. 126)), that choice was Mr. Bradley's. And Plaintiff could not make those arguments for himself so long as he was represented by Mr. Bradley because the Court had no obligation to accept *pro se* filings from Plaintiff while he was represented by counsel. Furthermore, Plaintiff was warned that if he sought to have Mr. Bradley withdraw, he could not file motions to reconsider previous rulings that were made while he was represented by counsel (Doc. 131). His only recourse was to appeal the Court's decisions once final judgment had been entered (Doc. 131). Thus Magistrate Judge Wilkerson did not deprive Plaintiff of the opportunity to make certain arguments in this Court or on appeal; he simply attempted to curtail frivolous filings from Plaintiff. The undersigned has no issue with Magistrate Judge Wilkerson's actions.

Plaintiff also claims that Magistrate Judge Wilkerson stated at the *Pavey* hearing that "the only thing that matters is whether [Magistrate Judge Wilkerson] believes this Plaintiff [and not] what the Defendants can prove or the evidence before him" (Doc. 164, p. 4). Plaintiff believes that statement showed Magistrate Judge Wilkerson's "complete disregard for this Plaintiff and the law" (*Id.*).

Again, Plaintiff is incorrect. The undersigned has reviewed the transcript of the *Pavey* hearing, and Magistrate Judge Wilkerson never made the comment that Plaintiff claims he made, but there is one statement that resembles it. At the hearing, Plaintiff argued that if he submits a grievance by putting it in the bars of his cell, and he does not receive a response, then "there's case law that backs that up, that at that point it's fully exhausted." (Doc. 155, p. 16). Magistrate Judge Wilkerson responded, "You are

absolutely correct, but the thing you're missing is - - I have to believe that you put it in the bars. . . . [I]f I make a determination that I believe you put it in the bars and you never received a response, that is enough legally to satisfy [the exhaustion] requirement." (*Id.*). Magistrate Judge Wilkerson's statement is an accurate statement of the law. *See Pavey v. Conley,* 663 F.3d 899, 904 (7th Cir. 2011).

CONCLUSION

For these reasons, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 158). Plaintiff's objections to the Report and Recommendation (Doc. 164) are **OVERRULED**. Defendants Tilden, Stelfox, and Harrington's motions for summary judgment on the issue of exhaustion (Docs. 122, 132) are **GRANTED**, and they are **DISMISSED without prejudice** from this action.

This action will proceed on Counts 1 and 2 against Defendants Parthasarathi Ghosh, Christine Luce, and Does 1 through 6. Magistrate Judge Wilkerson will remain the magistrate judge assigned to the case.

**IT IS SO ORDERED.**

**DATED:  March 31, 2015**

**s/ Nancy J. Rosenstengel**
**NANCY J. ROSENSTENGEL**
**United States District Judge**