IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID ROBERT BENTZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-573-NJR-DGW |
| ) | |
| PARTHASARATHI GHOSH, CHRISTINE ) | |
| LUCE, UNKNOWN PARTIES #1-6, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on Plaintiff's Motion for Preliminary Injunction filed on March 17, 2015 (Doc. 166). For the reasons set forth below, it is **RECOMMENDED** that the Motion be **DENIED WITHOUT PREJUDICE**, and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Plaintiff David Robert Bentz is an inmate in the custody of the Illinois Department of Corrections ("IDOC") at Menard Correctional Center. Plaintiff initiated this action on June 17, 2013 pursuant to 42 U.S.C. § 1983 alleging various claims against a number of Defendants related to the denial of dental care he received while he was incarcerated at Stateville Correctional Center, Pontiac Correctional Center, and, most recently, Menard Correctional Center. Pursuant to District Judge Nancy J. Rosenstengel's Memorandum and Order entered March 31, 2015, the only

remaining claims in this case are Count 1, alleging deliberate indifference against Defendants Parathasarathi Ghosh, Christine Luce, and John/Jane Does 1 through 6, and Count 2, alleging negligence under state law against Defendants Parthasarathi Ghosh and John/Jane Does 1 through 6. At all times relevant to this suit, the only remaining named Defendants, Parathasarathi Ghosh and Christine Luce, were working at Stateville Correctional Center ("Stateville").

Plaintiff seeks preliminary injunctive relief directing Defendants to address Plaintiff's dental needs that cause him chronic pain and swelling. In support of his motion, Plaintiff avers that he is in need of a dental cleaning and filling, as well as pain medication, but, despite his many requests, he has not received any dental care since May, 2014.

In his response to Plaintiff's motion (Doc. 168), Defendant Ghosh provides that as a retired, former medical director at Stateville, he does not have authority over any medical treatment provided for patients housed at any IDOC facility, including Menard, where Plaintiff has been incarcerated since approximately November, 2011 (*See* Doc. 8). Accordingly, assuming Plaintiff could satisfy the requirements for a preliminary injunction, Defendant Ghosh avers that he does not have the ability to provide or direct the action Plaintiff seeks in his Motion.

Similar to Defendant Ghosh, in Defendant Luce's response to Plaintiff's motion she argues that as a dental assistant at Stateville, she has no authority or power to provide, or order other staff to provide, dental services at Menard.

### CONCLUSIONS OF LAW

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that Plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY KANE, FEDERAL

PRACTICE AND PROCEDURE § 2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). Plaintiff has the burden of demonstrating:

1. A reasonable likelihood of success on the merits;
2. No adequate remedy at law; and
3. Irreparable harm absent the injunction.

*Planned Parenthood v. Commissioner of Indiana State Dept. of Health*, 699 F.3d 962, 972 (7th Cir. 2012). As to the first hurdle, the Court must determine whether "plaintiff has any likelihood of success – in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). The Court must then weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.* In addition, the Prison Litigation Reform Act provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

With respect to Plaintiff's motion, the Court's analysis of whether Plaintiff met his threshold burden is abbreviated due to the circumstance that no named defendant has the authority to carry out the relief Plaintiff seeks. Pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction binds only the parties, their officers or agents, or persons in active concert with the parties or their agents. Importantly, there is no claim pending against any named defendant currently employed by, or contracted out of, Menard. As such, to the extent that Plaintiff seeks relief that no defendant has the authority to effect, the Court would be remiss in granting Plaintiff the relief he seeks. Accordingly, based on the foregoing, Plaintiff's request for

preliminary injunctive relief should be denied.

### RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's Motion for Preliminary Injunction filed on March 17, 2015 (Doc. 166) be **DENIED**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: July 7, 2015**

**DONALD G. WILKERSON**
**United States Magistrate Judge**