IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID ROBERT BENTZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-CV-573-NJR-DGW |
| | ) |
| PARTHASARATHI GHOSH, | ) |
| CHRISTINE LUCE, and UNKNOWN | ) |
| PARTIES #1-6, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson entered on July 7, 2015 (Doc. 184). Magistrate Judge Wilkerson recommends that the undersigned deny Plaintiff's Motion for Preliminary Injunction (Doc. 166). Plaintiff filed a timely objection on July 15, 2015 (Doc. 190). For the reasons set forth below, this Court adopts Magistrate Judge Wilkerson's Report and Recommendation in its entirety.

## Background

On June 17, 2013, Plaintiff David Robert Bentz, an inmate currently housed at the Menard Correctional Center ("Menard"), brought this action alleging deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges various claims against a number of Defendants related to the denial of dental care while he was incarcerated at Stateville Correctional Center ("Stateville"), Pontiac Correctional Center,

and Menard Correctional Center. As of now, the only claims that remain pending are:

- Count 1 for deliberate indifference against Defendants Parthasarathi Ghosh, Christine Luce, and Unknown Parties 1 through 6.

- Count 2 for negligence under Illinois state law against Defendants Parthasarathi Ghosh and Unknown Parties 1 through 6.

At all relevant times to this lawsuit, the Defendants worked at Stateville. On March 17, 2015, Plaintiff filed a motion seeking a preliminary injunction compelling Defendants to address Plaintiff's dental needs (Doc. 166). On July 7, 2015, Magistrate Judge Wilkerson issued the Report and Recommendation (Doc. 184) currently before the Court. Plaintiff filed a timely objection (Doc. 190).

## Conclusions of the Report and Recommendation

The Report and Recommendation accurately states the nature of the evidence presented by both sides, as well as the applicable law. Based upon the evidence before the Court, Magistrate Judge Wilkerson found that Plaintiff was not entitled to a preliminary injunction because no named Defendant has the authority to carry out the relief Plaintiff seeks.

## Discussion

The undersigned must undertake a *de novo* review of the Report and Recommendation because a timely objection was filed. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). *De novo* review requires the district judge to "give fresh consideration to those issues to which specific objections have been made" and make a decision "based on an independent

review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Harper*, 824 F.Supp. at 788 (citing 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)); *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper*, 824 F. Supp. at 788. Pursuant to 28 U.S.C. § 636(b), however, where neither timely nor specific objections to the Report and Recommendation are made, this Court need not conduct a de novo review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985).

*Preliminary Injunction*

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997). The purpose of such an injunction is to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). In order to obtain a preliminary injunction, Plaintiff has the burden of establishing that: (1) he is likely to succeed on the merits of his claim; (2) he has no adequate remedy at law; and (3) he is likely to suffer irreparable harm without the injunction. *Planned Parenthood of Indiana, Inc. v. Comm'r of Indiana State Dep't Health*, 699 F.3d 962, 972 (7th Cir. 2012), *citing Am. Civil Liberties Union of Ill. v. Alvarez,* 679 F.3d 583, 589–90 (7th Cir. 2012).

In the context of prisoner litigation, the scope of the Court's authority to enter an injunction is circumscribed by the Prison Litigation Reform Act ("PLRA"). *Westefer v.*

*Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunction relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *see also Westefer*, 682 F.3d at 683 (noting the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prison officials have broad administrative and discretionary authority over the institutions they manage") (internal quotation marks and citation omitted).

In his Objection, Plaintiff argues that this Court may *sua sponte* add Kimberley Butler, Menard's current Warden, as a defendant in this lawsuit in order to address Plaintiff's issues of injunctive relief. The Court declines Plaintiff's proposition. This is the second motion for preliminary injunction filed by Plaintiff regarding his dental care. On June 17, 2013, Plaintiff filed a preliminary injunction asserting the same issues currently before the Court (Doc. 1). Following an evidentiary hearing, Magistrate Judge Wilkerson recommended denying Plaintiff's motion because Plaintiff was not in immediate danger (Doc. 29). District Judge G. Patrick Murphy agreed noting that, other than Plaintiff's own belief, there was no medical evidence supporting Plaintiff's request for injunctive relief (Doc. 35).

Similarly, the Court finds that Plaintiff has not demonstrated that irreparable harm is likely in the absence of an injunction. In his objections, Plaintiff reiterates the same arguments made in his earlier preliminary injunction and previously addressed by this Court. It is also clear that Plaintiff has not alleged any particular actions

undertaken by the remaining Defendants that: (1) relate to the claims currently pending in this lawsuit; and (2) present him with a threat of irreparable harm.

As mentioned above, it is well-established that preliminary injunctions are an "extraordinary and drastic remedy" requiring the movant to demonstrate its justification by a clear showing. *Mazurek*, 520 U.S. at 972. The Court agrees with Magistrate Judge Wilkerson's analysis that Plaintiff has failed to reach his threshold burden for injunctive relief. Accordingly, the Court finds no reason to reject Magistrate Judge Wilkerson's recommendation.

## Conclusion

For the foregoing reasons, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 184). Plaintiff's Motion for Preliminary Injunction (Doc. 166) is **DENIED.**

**IT IS SO ORDERED.**

DATED: August 17, 2015

s/ Nancy J. Rosenstengel\_\_\_\_
**NANCY J. ROSENSTENGEL**
**United States District Judge**