IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DAVID ROBERT BENTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:13-cv-573-NJR-DGW |
| | ) | |
| PARTHASARATHI GHOSH, ANDREW TILDEN, CHRISTINE LUCE, ROBERT STELFOX, and RICHARD HARRINGTON, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Before the Court are the following motions filed by Plaintiff:

1. Motion/Injunction filed on June 10, 2015 (Doc. 179);

2. Notice to Court (for copies and access to legal storage) filed on July 15, 2015 (Doc. 189); and

3. Notice/Objection to Document 185, Order on Motion for Extension of Time filed on July 22, 2015 (Doc. 195).

The Court has reviewed the motions and any responses filed thereto and finds as follows:

**1. Motion/Injunction (Doc. 179)**

Plaintiff asks the Court to add Kimberly Butler, Warden of Menard, as a defendant to this action for purposes of effecting injunctive relief related to his ability to access legal storage. Defendant Christine Luce filed her response to Plaintiff's motion (Doc. 180), explaining that inmates at Menard may request property from personal storage, including excess legal materials, by making a written request for such and property staff will prioritize inmates with upcoming court deadlines. Defendant Luce contends that Menard's property unit has not received any requests

Page **1** of **5**

from Plaintiff since he was released from segregation on April 29, 2015. In his reply, Plaintiff indicates he has submitted written requests, but staff members at Menard are intentionally conspiring to deny him access to his legal materials and/or the courts. The Court declines to delve into the merits of Plaintiff's contention, as the issues regarding Plaintiff's access to legal storage do not relate to any claim in this lawsuit and, therefore, is not ripe for consideration here. Further, the addition of Warden Kimberly Butler is wholly improper as Plaintiff has not specifically sought to amend his complaint and, even if he had sought to amend his complaint and submitted a proposed amended complaint for review, such an amendment would likely be futile as any claim against Warden Butler would not relate to the claims in this suit.

Finally, the Court notes that based on the record before the Court, it appears that Plaintiff's access to the courts has not been inhibited during his incarceration at Menard. Further, Plaintiff's access to legal storage and Menard's policies thereto reflect the day-to-day administration of the prison, which this Court is not involved in. For these reasons, Plaintiff's motion (Doc. 179) is **DENIED**.

   2. **Notice to Court (for copies and access to legal storage) (Doc. 189) and Notice/Objection to Docket Entry 185 (Doc. 195)**

This action was initiated by Plaintiff on June 17, 2013 wherein he alleged defendants violated his constitutional rights by denying him treatment for his serious dental condition. After an initial screening of Plaintiff's complaint, he was allowed to proceed on three counts against a number of defendants, including six unknown John/Jane Does (Doc. 8). On July 14, 2014, the undersigned entered the Scheduling Order in this matter. Pursuant to the Scheduling Order, the deadline for Plaintiff to file an amended complaint was November 21, 2014 (Doc. 124). By this date, Plaintiff was directed to (1) move to amend his complaint to add or substitute specific

defendants for the John Does; (b) identify additional steps that can be taken to identify the John Does who remain unidentified; or (c) move to amend the complaint to include <u>any</u> additional claims or parties. Plaintiff was advised that his failure to comply with this requirement would result in the dismissal of the John Does and would likely bar further amendment of the complaint, except for good cause shown. The November 21, 2014 deadline passed without any action by Plaintiff. However, on March 17, 2015, Plaintiff filed a motion to amend his complaint. The Court granted Plaintiff leave to amend his complaint, but limited any such amendments to identifying the John/Jane Doe defendants (Doc. 173). The Court also entered the following schedule to facilitate the naming of the unknown defendants:

1. Plaintiff was to provide to the named Defendants, and file with the Court, identifying information for the John/Jane Doe defendants by April 17, 2015.
2. Defendants were to provide Plaintiff, and submit a notice to the Court, the names of any identifiable John/Jane Doe defendants by May 15, 2015.
3. If necessary, Plaintiff was to file a motion to amend his complaint, along with a proposed amended complaint, naming any identified John/Jane Doe defendants by May 29, 2015.

Plaintiff was advised that his failure to sufficiently identify the John/Jane Doe defendants and seek leave to amend his complaint would result in the dismissal of any unidentified defendants.

The April 17, 2015 deadline for Plaintiff to file identifying information for the John/Jane Doe defendants passed without any filings from Plaintiff. On May 20, 2015, Plaintiff filed a Motion for Extension of Time to name the John Doe defendants, asserting that his efforts to do so were impeded by correctional officers at Menard Correctional Center (Doc. 178). The Court denied Plaintiff's Motion (Doc. 185), finding that Plaintiff's failure to comply with the Court's

April 1, 2015 Order was not due to excusable neglect.

Plaintiff's motions now before the Court ask the undersigned to reconsider his previous ruling and allow additional time for Plaintiff to identify the John/Jane Doe defendants. Plaintiff avers that Correctional Officer Joshua Berner (a former defendant in this action) confiscated his legal materials on April 8, 2015, including the Court's April 1, 2015 Order, causing him to miss his "unknown deadlines to identify John and Jane Does." Plaintiff further complains that he cannot litigate this matter because he does not have access to legal storage and, as such, does not have access to his legal materials in this case.

The Court finds Plaintiff's claim regarding the confiscation of his legal materials on April 8, 2015 to be disingenuous. A review of the docket demonstrates that Plaintiff was aware of his obligation to identify the John Doe defendants before any prompt from the Court regarding Plaintiff's failure to comply with his obligations set forth in its April 1, 2015 Order. Moreover, the Court finds Plaintiff's assertion that Officer Berner "took all Plaintiff's legal materials to include everything from this action into the trash on April 08, 2015" (Doc. 189) incongruous with his statements that the identities of the John/Jane Doe defendants are already known and in Plaintiff's legal storage (Doc. 195). Plaintiff was provided ample time and opportunity to identify the John/Jane Doe defendants, but failed to do so in a timely manner. Plaintiff has not provided the Court with a substantial reason why it should reconsider its previous ruling denying him an extension of time to amend his complaint at this late stage in the proceedings. Accordingly, Plaintiff's Notice/Objection to Docket Entry 185 (Doc. 195) is **DENIED**. Further, Plaintiff's request that the Court issue an order granting him access to legal storage (Doc. 189) is **DENIED**.

For purposes of providing Plaintiff clarification of the filings in this matter, the Clerk of Court is **DIRECTED** to provide Plaintiff with a copy of the current docket sheet in this matter.

Page **4** of **5**

**IT IS SO ORDERED.**

**DATED: August 27, 2015**

*Donald Wilkerson*

**DONALD G. WILKERSON**
**United States Magistrate Judge**