IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DAVID ROBERT BENTZ,** | )<br>)<br>) |
| Plaintiff, | )<br>) Case No. 3:13-cv-00573-NJR-DGW |
| v. | )<br>) |
| **PARTHASARATHI GHOSH, ROBERT STELFOX, SHANE LAIR and RYAN SADLER,** | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**ORDER**

**WILKERSON, Magistrate Judge:**

Pending before the Court is an Objection to this Court's Scheduling Order (Doc. 282). Although titled "objection" the Court construes the document as a Motion for Reconsideration. For the reasons set forth below, the Motion for Reconsideration is **DENIED.**

Federal Rule of Civil Procedure 59(e) allows a court to alter or amend a judgment in order to correct manifest errors of law or fact, to address newly discovered evidence, or where there has been an intervening and substantial change in the controlling law since submission of the issues to the district court. Fed. R. Civ. P. 59(e); *See also Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D. Va. 1983)). Motions to reconsider under Rule 59(e) should only be granted in rare circumstances. *Id.* The decision whether to grant a Rule 59(e) Motion to Reconsider lies in the sound discretion of the Court. *Matter of Prince,* 85 F.3d 314, 324 (7th Cir. 1996).

On January 25, 2018, this Court entered a Scheduling Order identifying the following issues as remaining before the Court pursuant to the U.S.C.A Mandate (Doc. 267-1):

A. Bentz's claim that Dr. Ghosh was deliberately indifferent to a serious medical need because he ignored Plaintiff's need for immediate pain relief during his October 28, 2010 appointment;

B. Bentz's claim that Robert Stelfox, D.D.S. was deliberately indifferent to Plaintiff's complaints of pain and a tooth abscess;

C. Bentz's Eighth Amendment claims against officers Sadler and Lair for recklessly disregarding a substantial risk of serious pain to an inmate when they ignored Bentz's complaints about an abscessed tooth; and

D. Bentz's Illinois state-law negligence claims against officers Sadler and Lair regarding his complaints of tooth pain. (Doc. 281, pp. 1-2).

Because a significant amount of discovery was already completed before the case was remanded, the Court limited the scope of the Scheduling Order. Specifically, the Court found no remaining discovery was necessary regarding the claims against Dr. Gosh (Doc. 281, p.2). With regard to the claim against Defendant Stelfox, the Court found no further discovery or motions necessary on the issue of exhaustion of administrative remedies, but that discovery regarding the merits of the deliberate indifference claims remained to be conducted (Doc. 281, p. 2). Finally, the Court found that because Defendants Sadler and Lair had been dismissed at the preliminary screening stage, that discovery on both exhaustion of administrative remedies and the merits of the claims were required (Doc. 281, p. 2). It is this final issue with which Bentz disagrees (Doc. 282, p. 2). Specifically, Bentz argues that exhaustion of administrative remedies regarding Defendants Sadler and Lair has already been ruled on by the Seventh Circuit (Doc. 282, p. 2).

Upon review of the Seventh Circuit's Order (Doc. 267-1) the only finding made regarding Defendants Sadler and Lair was that Bentz stated plausible claims against those

Defendants that should not have been dismissed at the screening stage (Doc. 277-1, pp. 7-8). The Seventh Circuit made no finding regarding exhaustion of administrative remedies, nor could it, since no record regarding that issue was ever developed.

Thus, the Court made no error of law or fact when it ordered discovery on the issue of exhaustion of administrative remedies for Defendants Sadler and Lair. Bentz's Motion for Reconsideration is therefore **DENIED.**

**So Ordered.**

**DATED: February 5, 2018**

                                              **DONALD G. WILKERSON**
                                              **United States Magistrate Judge**