IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DAVID ROBERT BENTZ,** | |
| **Plaintiff,** | |
| v. | Case No. 3:13-CV-573-NJR-MAB |
| **PARTHASARATHI GHOSH,**<br>**ROBERT STELFOX, SHANE LAIR,**<br>**RYAN SADLER, and**<br>**WARDEN OF MENARD,** | |
| **Defendants.** | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Report and Recommendation of Magistrate Judge Mark A. Beatty, which recommends the undersigned deny the Motion for Summary Judgment filed by Defendant Robert Stelfox, D.D.S. (Doc. 362).

In this lawsuit, filed pursuant to 42 U.S.C. § 1983, Plaintiff David Bentz alleges Defendants Dr. Parthasarathi Ghosh, Dr. Stelfox, Shane Lair, and Ryan Sadler violated his Eighth Amendment rights when they were deliberately indifferent to his serious medical needs (Doc. 1). He also brings a state law negligence claim against Sadler and Lair (*Id.*). Specifically, Bentz claims Defendants disregarded his complaints related to a tooth abscess and chronic tooth pain (*Id.*).

On January 16, 2019, Dr. Stelfox filed a motion for summary judgment arguing that, as a matter of law, he was not deliberately indifferent to Bentz's complaints of chronic pain and an abscessed tooth (Doc. 362). Dr. Stelfox states that the only time he

evaluated Bentz was on May 22, 2013,[1] and that evaluation concerned Bentz's biennial exam (Doc. 363-1 at p. 2; Doc. 363-2). Dr. Stelfox attests that Bentz reported no complaints with his teeth at that exam (Doc. 363-2 at ¶ 7). While Bentz had some bleeding of his gums, further evaluation revealed no acute issues, cavities, swelling, or pain (*Id.*). Dr. Stelfox diagnosed Bentz as a Class IIIB, which meant he had mild periodontal disease, and he instructed Bentz to follow up with the dental clinic as necessary (*Id.*). Because Bentz had no acute issues, Dr. Stelfox contends, there was no need for any further treatment. Dr. Stelfox also notes that Bentz admitted in his deposition that no dentist has ever told him he had an abscessed tooth. And, while Bentz claims Dr. Stelfox should have scheduled him for a dental cleaning, Dr. Stelfox did recommend that he follow up with the dental clinic as necessary—which Bentz subsequently did the following month. Thus, Dr. Stelfox asserts, he was not deliberately indifferent to Bentz's dental needs, and summary judgment is appropriate.

On May 9, 2019, after several extensions of time, Bentz filed a response in opposition to Dr. Stelfox's motion for summary judgment, as well as a cross-motion for partial summary judgment. Bentz states that, at his biennial exam, Dr. Stelfox did not actually examine Bentz's teeth but instead did a "visual quick peek" and went off his previous dental records (Doc. 391 at p. 49). Dr. Stelfox then told Bentz that he needed three fillings and that he should get them fixed when he gets out of prison, because the prison only pulls teeth. Dr. Stelfox and his assistant also acknowledged the swelling near

---

[1] While Dr. Stelfox states the examination occurred on May 23, 2013, the handwritten notation in Bentz's dental record says May 22, 2013.

Bentz's tooth and jaw (*Id.* at 54). Bentz requested fillings for his three teeth and pain medication, but Dr. Stelfox did not prescribe him any pain medication or antibiotics and did not schedule him for any further dental work (*Id.* at p. 55). Based on this evidence (and evidence that he subsequently had dental work done on his teeth), Bentz argues that Dr. Stelfox's motion should be denied, while his cross-motion for summary judgment should be granted.

Dr. Stelfox has moved to strike Bentz's cross-motion for summary judgment (Doc. 395), arguing that the deadline for dispositive motions was December 17, 2018, and Bentz never asked for an extension of that deadline. And, while he asked for three extensions of time to respond to Dr. Stelfox's motion for summary judgment, Bentz only mentioned his desire to file a cross-motion in his second and third requests for an extension of time. On May 9, 2019, without having received leave of court to do so, Bentz filed his response and cross-motion for summary judgment. That same day, Judge Beatty found Bentz's second and third motions for extension of time to be moot, considering Bentz had already filed his response (Doc. 392). Judge Beatty did not address the fact that Bentz filed a cross-motion for summary judgment or grant him leave to do so after the fact.

On June 5, 2019, Judge Beatty entered the Report and Recommendation currently before the Court (Doc. 398). Judge Beatty recommends denying Dr. Stelfox's motion for summary judgment because Dr. Stelfox's affidavit and Bentz's deposition testimony present two different accounts of what happened during the dental exam on May 22, 2013. Because there is a genuine dispute regarding the material facts—whether Bentz

complained about his teeth that day and whether Dr. Stelfox told Bentz he needed fillings but refused to provide any form of treatment—Judge Beatty found that summary judgment for Dr. Stelfox would not be proper. Objections to the Report and Recommendation were due 14 days after service of the Report and Recommendation. 28 U.S.C. §636(b); SDIL-LR 73.1(b). No objections were filed.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not conduct *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

While *de novo* review is not required here, the Court has reviewed the evidence and Judge Beatty's Report and Recommendation for clear error. Following this review, the Court agrees with his findings, analysis, and conclusions. The genuine issues of material fact present in this case preclude the entry of summary judgment for Dr. Stelfox. The Court therefore **ADOPTS** Judge Beatty's Report and Recommendation (Doc. 398) and **DENIES** Dr. Stelfox's Motion for Summary Judgment (Doc. 362). For the same reason, had Bentz sought and obtained leave of court to file his cross-motion for summary

judgment, it also would be denied. But, he did not, so his cross-motion for summary judgment (Doc. 391 at pp. 104-107) is **STRICKEN** from the record.

This case shall now proceed to trial on the following claims, as separated into the following counts:

**Count 1:** Eighth Amendment deliberate indifference to Bentz's serious medical needs claim against Dr. Ghosh for ignoring Bentz's need for immediate pain relief during his October 28, 2010 appointment;

**Count 2**: Eighth Amendment deliberate indifference to Bentz's serious medical needs claim against Dr. Stelfox for ignoring Bentz's complaints of pain and a tooth abscess;

**Count 3:** Eighth Amendment deliberate indifference claim against officers Sadler and Lair for recklessly disregarding a substantial risk of serious pain to an inmate when they ignored Bentz's complaints about an abscessed tooth; and

**Count 4:** Illinois state law negligence claims against officers Sadler and Lair regarding his complaints of tooth pain.

A status conference will be set by separate order to discuss whether the Court should appoint counsel for Bentz or whether he intends to proceed to trial *pro se*.

**IT IS SO ORDERED.**

**DATED:** July 12, 2019

                                                                                                     _____
                                                                                                     **NANCY J. ROSENSTENGEL**
                                                                                                     **Chief U.S. District Judge**